## Riedling et al. v. Harrod et al.

Oct. 3, 1944.

Richard H. Hill, Edwin C. Willis, Foster E. DeWees, and George Dehler for appellants.

Wm. T. Baskett for appellees.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming.

One of the principal arteries of travel into the downtown section of Louisville is the Brownsboro Road. Connecting with Brownsboro Road is University Avenue, which extends to and across Regan Avenue to and through the corporate boundary line of the city, thence to Fleming Avenue, and thence to University Place and Cleveland Boulevard. The appellees and all of the persons residing on Regan Avenue, Fleming Avenue, and in the territory generally lying between the city boundary

line and Cleveland Boulevard, use University Avenue to its point of intersection with Brownsboro Road in commuting to and from the downtown sections of the city; and this course is some four blocks shorter than any other available route. Some time ago the City of Louisville, in Action No. 272-548 in the Jefferson Circuit Court against R. D. Riedling, obtained a judgment closing University Avenue from the point of its intersection with the northerly line of Regan Avenue to a point some feet short of the city's corporation boundary line; and by the terms of the judgment the title to the portion of the street so closed reverted to the defendant Riedling.

The properties of the appellee Harrod and of the appellee Real Estate Mortgage Company abut on University Avenue and lie in the block which is bounded on the south by Regan Avenue and on the north by Fleming Avenue, if extended. The city's boundary line cuts diagonally across the property of the appellee Harrod, across University Avenue, and across the property of the appellee Mortgage Company in such a manner as that both the Harrod and the Mortgage Company properties abut on University Avenue on both sides of the corporate boundary line. The total length of the section of the street that is closed is approximately 200 feet, and the properties of the appellant Riedling abut on each side for the full length thereof. Conceiving that they were necessary parties to action No. 272-548 and that they had been deprived in their rights and of their property without just compensation, in violation of the Constitution of Kentucky, section 13, and of the Fourteenth Amendment to the Constitution of the United States, the appellees together with John R. Bennett and others filed against the city and Mr. Riedling, in the Jefferson Circuit Court, Chancery Branch, Second Division, a petition, later amended by way of certain corrections unnecessary to be noted here, which concluded with the following prayer: "Wherefore, plaintiffs pray that the Court issue a temporary mandatory injunction ordering and directing the defendants, R. D. Riedling, and the City of Louisville, to remove the barricades now interfering with public travel over that portion of University Avenue attempted to be closed in action No. 272-548, Jefferson Circuit Court; that upon final hearing said injunction be made permanent, and that defendants be perpetually and permanently enjoined from obstruct-

ing travel over said portion of University Avenue, or erecting any barricades thereon; plaintiffs further pray that the judgment in said action No. 272-548, Jefferson Circuit Court, be declared null and void as to these plaintiffs, and other residents and property owners in University Place Subdivision; that the reversion of the portion of University Avenue closed to R. D. Riedling, as provided in the judgment aforesaid, be declared null and void. Plaintiffs further pray for their costs herein, and for all other general proper and equitable relief to which they may appear entitled."

Attached to and made a part of the petition are a map and a properly attested copy of the entire record in the above-mentioned action. The demurrer of the appellants to the petition of the appellees having been overruled, and the appellants having declined to plead further, the Chancellor entered the following judgment:

"This action having been submitted on the general demurrer of defendants to plaintiffs' petition as amended, it is ordered and adjudged that said demurrer be and the same is hereby overruled.

"Defendants having declined to plead further and said action being submitted in chief for judgment on the pleadings and exhibits it is ordered, considered and adjudged by the Court as follows:

"(1) That the judgment heretofore entered in action No. 272-548, Jefferson Circuit Court, is null and void, insofar as same adjudges the closing of the following portion of University Avenue as a public way of the City of Louisville, viz: (Here follows a minute description of the closed portion of the street.)

"(2) It is further ordered, considered and adjudged that the above described property is a portion of a public street of the City of Louisville, viz., University Avenue, and that said property by reason of a judgment in action No. 272-548, Jefferson Circuit Court, has not and does not revert, in ownership to the defendant, R. D. Riedling.

"(3) It is further ordered and adjudged that the defendants remove the barricades interfering with travel over the property above described, and that said property be opened to public travel, and that the defendants be and they are permanently enjoined and restrained from obstructing travel over the property above describ-

ed and from erecting any barricades therein. Defendants shall have until March 1, 1945 to remove such barricades.

"(4) It is further adjudged that plaintiffs, Leo Harrod, Gertrude Harrod, and Real Estate & Mortgage Company, recover of the defendants their costs herein expended.

"To all of which defendants except and object and pray an appeal to the Court of Appeals, which is hereby granted."

To test the correctness of the court's action in the particulars mentioned, the appellants have prosecuted this appeal. The real question presented by this appeal is that of who are necessary parties to an action of the City of Louisville to close a portion of one of its public streets. If only those persons within a given block who own property that abuts on the portion of the street to be closed are necessary parties, then the chancellor was in error; but if all persons owning property abutting on the street within the block affected are necessary parties, without reference to whether their properties actually abut on the portion to be closed, then the chancellor was correct.

The appellants instituted and practiced action 272-548 pursuant to Section 2832 of Carroll's Kentucky Statutes, now 93.360, as construed by this Court in the case of Haller v. City of Louisville, 107 S. W. 741, 742, 32 Ky. Law Rep. 1045; and on the authority of that construction, if sound, the appellants' demurrer to the appellees' petition should have been sustained. The appellees contend, however, that that construction is unjust and unsound, a view which was shared by the chancellor when he overruled appellants' demurrer.

If this were a first impression case with this Court as presently constituted, no hesitation would be felt in accepting the argument of appellees' counsel and in adopting the expressed views of the chancellor. But since, as represented by counsel for appellants in their brief, the ruling in the Haller case has been followed consistently by the city for the last thirty-five years, the court has been reluctant to overturn a precedent, even if local, which has been followed with such uniformity and consistency for such a long period of time. But time and precedent, however hoary, are no substitutes for

soundness of judicial construction; and once a fallacious error of interpretation is perceived, the court should not hesitate to correct it.

Under the statute as it read prior to 1893, and under the court's interpretation thereof, all persons owning property in the squares abutting on that part of the street proposed to be closed, were necessary parties to the action. From 1893 to 1902, the City of Louisville had no power to close a street, the statute giving it such power having been omitted from the city's charter which was enacted in 1893. But in 1902 the General Assembly, c. 76, restored such power to the city by amending Section 2832. In the original Act the language was: "* * * and to such suit all the owners of ground in the square or lot shall be made defendants." In the amendment the wording is: "* * * and to such suit all the owners of ground in the squares or lots divided by the street or alley sought to be closed abutting on such street or alley shall be made defendants." In construing the amendment, the court, in the Haller case, reasoned thus: "It is conceded by the parties that the word 'of' as used in the phrase 'squares of lots' is a misprint, and the word 'or' should be used instead. It is evident that the General Assembly intended to make a change or to accomplish some purpose by the change of phraseology. It is plain that the first act required all the owners of ground in the square to be made defendants to the action, and, if the same intention existed at the time of the enactment of the amendment of 1902, it is strange that the General Assembly changed the wording of it, as the previous act had repeatedly been construed by this court. It evidently meant to change the rule of procedure in the closing of streets and alleys, and, in our opinion, by the use of the following language in the act of 1902: 'And to such suit all owners of ground in the squares or lots divided by the street or alley sought to be closed abutting on such street or alley shall be made defendants'—it meant to limit the persons necessary to be made defendants to such action to those persons in the squares who own property abutting on the street or alley within that portion of the street or alley sought to be closed."

Undoubtedly the construction which the court placed on the original act was sound; but the construction which it placed on the amendment does not admit of such prompt and unqualified approval. A comparison of the

language of the original act with that of the amendment reveals that under the former any person who owned property located anywhere within the block affected was a necessary party to an action to close any part of the street within that block, regardless of whether his property abutted on any portion of the street; whereas, under the latter a property holder within the block is not a necessary party to such action unless some portion of his property actually abuts on the street. By no process of sound reasoning can the amendment be construed as restricting the necessary parties to such action to those persons only who own property which abuts simply on that portion of the street which is sought to be closed.

In the case of Henderson v City of Lexington, 132 Ky. 390, 111 S. W. 318, 323, 22 L. R. A., N. S., 20, there was presented, among others, the identical question that is presented here, namely, Who are necessary parties to such an action? The statute which applied was Section 3094, Lexington being a second-class city: "* * * and to such action all the owners of ground in the square or lots divided by such street, alley or highway, or the portion thereof proposed to be closed, shall be made defendants."

In disposing of the question, this court, in a well-considered opinion by Judge Carroll, said: "It is, however, difficult to determine with fairness to the public, as well as the private owner, what property owners are so interested in the street, alley, or highway proposed to be closed as to render it necessary that they should be parties to the action. But our conclusion upon this question is that the only persons who are entitled to compensation and are necessary parties to the proceeding are those whose property abuts upon or adjoins the street, alley, or highway proposed to be closed. We do not mean by this to limit the property owner entitled to compensation or who are necessary parties to the action to those who own property immediately at the point of closure but think it should embrace all persons and all property abutting upon the street proposed to be closed. To illustrate, if it is desired to close a portion of the street, or the entire street known as A., between B. and C. streets, then all the persons owning property upon A. street between B. and C. streets are necessary parties to the action, and entitled to compensation. So that in the case before us, as it was proposed to close a part of Ayers alley between High and Main streets, all persons

who owned property abutting on either side of Ayers alley between High and Main Streets were necessary parties to the action and entitled to compensation. But owners of property abutting on Main or High streets not adjoining the alley were not necessary parties or entitled to compensation because the closing of the alley did not except indirectly interfere with the right of ingress or egress to or from their property.''

The statute which applies in the Louisville case and the statute which applies in the Lexington case are so identical in language and purport that both the opinion in the Haller case and the opinion in the Henderson case can not be sound; if the one is right the other is wrong. It being the view of this court that not only is the opinion in the Henderson case the sounder of the two, but that it also correctly interprets the legislative will, the opinion in the Haller case is now overruled.

Both the opinion and the record in the cited case of Henderson Elevator Company v. City of Henderson, 187 Ky. 453, 219 S| W. 809, 18 A. L. R. 983, have been considered. The opinion in that case is not sufficient to change the opinion of the court in this case; and, besides, the point at issue and decided here was not in issue and not necessary to a decision in that case.

Judgment affirmed.

Whole Court sitting, except Judge Thomas.