## Hill et al. v. Baker.

February 25, 1949.

J. Gordon Lisanby for appellants.

C. A. Pepper for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

Appellee, Mrs. Maude Head Baker, as plaintiff below, brought this action against appellants, Mrs. Lula White Hill and her husband, George Hill, to quiet her title to a certain small parcel of land in the City of Princeton, which had formerly been an alley owned by the city running from Main Street south to what is known in the record as the "Big Spring". This alley was bounded on the east by the property of Mrs. Bessie Culter and on the west by that of appellee. After hearing considerable proof, the chancellor rendered a written opinion in which he directed judgment in favor of Mrs. Baker, and the Hills appeal.

By their answer and counterclaim the Hills denied the title of Mrs. Baker and averred that the judgment wherein the city had closed the alley in 1928 was void because the necessary parties had not been made defendants to that action. Furthermore, the Hills pleaded that at the time Mrs. Baker purchased this small strip of land she was City Clerk, Treasurer and Tax Collector and her husband, Gus B. Baker, was then Mayor of Princeton, and by reason of her official position her deed from the city was void. The averments of the answer and counterclaim were traversed by a reply.

The record contains a copy of an ordinance passed by the city on Aug. 27, 1928, duly describing the alley and directing that the city attorney institute an action to close it. Such an action was instituted and the two owners of the property abutting the alley from Main Street to the "Big Spring" were made defendants and judgment was entered on Nov. 12, 1928, reciting that the defendants were duly summoned and ordering the alley closed as a public way.

The city council on Jan. 28, 1929, directed the property to be sold at public outcry after due advertisement, and L. G. Cox became the purchaser at $550. His bid was approved by the council and the city executed a deed to Cox on May 25, 1929. It is not disputed that Cox bought the property for Mrs. Baker, since she was under the impression that the statute then in force, KS Sec. 3484, prevented her as Clerk, Treasurer and Tax Collector of the city from purchasing the property. On Nov. 14, 1929, Cox conveyed the lot to Mrs. Baker for the same consideration he paid for it, but she did not have her deed put to record until Dec. 1, 1939. The Hills bought their property from Mrs. Culter in 1937 and insist that they did not know at the time they purchased it that Mrs. Baker had bought from the city what had formerly been the alley-way.

Relative to closing any street or alley in a fourth class city, it is provided in KS Sec. 3562, now KRS 94.360(2), "All the owners of ground in the squares or lots divided by such street, alley or highway, or the portion thereof proposed to be closed, shall be made defendants". In Henderson v. City of Lexington, 132 Ky. 390, 111 S.W. 318, 323, 22 L.R.A.,N.S., 20, in construing a similar statute we said that the necessary parties to an action to close a public way are all persons who own property abutting on the street or alley to be closed, and such parties are not limited to the owners of property abutting the way at the immediate point of closure. The Henderson case was approved and followed in Riedling v. Harrod, 298 Ky. 232, 182 S.W.2d 770, 773.

The record before us shows that this alley extended from Main Street south to the "Big Spring". As said by the chancellor in his exhaustive opinion, there is nothing in the record to show that this alley ever ex-

tended south of this Spring, and that the only persons who owned property abutting on the alley sought to be closed were Mrs. Baker and Mrs. Culter. Both of these ladies were made defendants in the suit to close the alley, therefore we must disagree with appellants and agree with the chancellor that all necessary and proper parties were made defendants to the suit by the city to close the alley, and that the judgment rendered therein is valid.

The next question raised by appellants is that Mrs. Baker being Clerk, Treasurer and Tax Collector of the city at the time she had Mr. Cox purchase this property for her, the sale was void under KS Sec. 3484. This section relates to fourth class cities and provides in the forepart thereof that the mayor or councilmen shall hold no other public office "nor be directly or indirectly interested in any contract with said city." The last sentence in this section of the statute reads: "Should any officer of said city be directly or indirectly interested as agent or principal in any contract with said city, or as surety on any such contract, he shall thereby vacate his office, and the contract, if entered into before said officer vacates his office, shall be null and void." What we have just quoted as the last paragraph of KS Sec. 3484 is practically the same as KRS 61.270.

It was written in Commonwealth v. Willis, 42 S.W. 1118, 19 Ky.Law Rep. 962, that where particular words in a statute are followed by general words, the latter are to be restricted to that to which the particular words refer. This is often referred to as the ejusdem generis rule and applies in the construction of statutes as well as contracts, deeds, leases, etc. It was expressly said in the Willis opinion that the prohibition against city officers contracting with the city was limited by the statute to the mayor and councilmen. In Tuggle v. Marsee, 231 Ky. 650, 21 S.W.2d 1022, the Willis case was cited with approval and it was there pointed out that although it was decided in 1897 and there had been many meetings of the General Assembly since then, there had been no changes in the statute relating to the subject.

There are other questions discussed in the briefs, but there can hardly be any room for argument as to the law governing them and as we do not regard them as applicable or controlling here, we will not take the time

and space necessary to discuss them. As our views are in accord with those so well expressed by the chancellor, the judgment he entered is hereby affirmed.