**POWELL et al. v. CITY OF IRVINE et al.**

Court of Appeals of Kentucky.

May 29, 1953.

Redwine & Redwine, Marcus C. Redwine, Sr., and Marcus C. Redwine, Jr., Winchester, Kelly Kash, Irvine, for appellant.

Shumate & Shumate, H. M. Shumate and T. D. Shumate, Irvine, C. S. Landrum and C. E. Rice, Jr., Lexington, for appellee.

CLAY, Commissioner.

In 1952 the City of Irvine enacted an ordinance directing the closing of a portion of Madison Avenue between Railroad Street and Kirkland Avenue. Suit was filed pursuant to KRS 94.360, and the owners of property abutting on Madison Avenue within that block were made defendants. Their rights are not here involved.

Appellants sought to intervene in the suit, alleging among other things that: they owned property on Madison Avenue both north and south of the block wherein the closure was directed; they were interested and necessary parties; they were being inconvenienced and damaged; the closing constituted the taking of their private property without due process of law; and they were entitled to compensation. The Chancellor denied appellants the right to intervene, and adjudged that the portion of the street be closed.

This is a special statutory proceeding, and the necessary parties to the suit are governed by KRS 94.360. It provides that after the adoption of an ordinance closing a portion of a public way, an action shall be instituted and the defendants to such action shall be "All the owners of ground in the square or lots divided by that public way, or the portion proposed to be closed, * * *".

Appellants contend that necessary parties under that statute are all persons who live anywhere on the street of which a portion is being closed. They rely upon certain language taken out of context in two opinions which declare that necessary parties are not limited to those who own property abutting immediately upon the portion of the street to be closed. Those cases are Henderson v. City of Lexington, 132 Ky. 390, 111 S.W. 318, 22 L.R.A.,N.S., 20, and Riedling v. Harrod, 298 Ky. 232, 182 S.W.2d 770.

While both of those cases stated the proposition above set forth, they each went further to decide that the only necessary parties are those who own abutting property *within the square or block* affected by

the closing of a portion of a street. That is the clearly expressed provision of the statute, and our attention is called to no case which construes it otherwise.

Were we to assume that the allegations of the intervening petition stated facts sufficient to show that appellants suffered some injury as the result of this closing which was different and distinct from that experienced by the general public, see Alsip v. Hodge, 214 Ky. 438, 283 S.W. 392, since their property was not within the block partially closed, KRS 94.360 does not authorize their participation in this particular suit. Therefore the Chancellor properly denied them a right to intervene.

The judgment is affirmed.