**PRUDENTIAL BUILDING & LOAN ASSOCIATION, Appellant,**

v.

**CITY OF LOUISVILLE et al., Appellees.**

Court of Appeals of Kentucky.

March 5, 1971.

Joseph E. Stopher, Louisville, Boehl, Stopher, Graves & Deindoerfer, for appellant.

Robert C. Moore, Robert W. Zollinger, Thomas W. Bullitt, Louisville, for appellees.

EDWARD G. HILL, Special Commissioner.

This controversy grew out of a procedure closing part of a street in Louisville known as Armory Place, which runs southward from Jefferson Street to Broadway. The portion to be closed is the northernmost block, between Jefferson and Liberty Streets.

The appeal is taken by Prudential Building and Loan Association (hereinafter Prudential). The appellees are the City of Louisville, Urban Renewal and Development Agency of Louisville, and Citizens Fidelity Bank and Trust Company (hereinafter City, Urban Renewal, and Bank, respectively).

Urban Renewal owns all the property abutting the west side and the Bank owns all the property abutting the east side of Armory Place between Jefferson and Liberty. Prudential owns the property adjoining and immediately to the west, or rear, of Urban Renewal's Armory Place property. Prudential's property runs from Jefferson to Liberty along the east side of Sixth Street and does not abut any portion of Armory Place.

Proper procedures were followed by the City to close Armory Place. Prudential entered the proceeding by a motion to vacate the judgment contending that it was a necessary and indispensable party to the action and by virtue of its not having been made a party the judgment closing Armory Place is fatally defective and should be vacated.

In order to resolve the issue resort to statutory interpretation is necessary. The judgment is premised on KRS 93.360(2) as it was amended in 1966. Reviewing the

development of the pertinent statutes, KRS 93.360(2) as effective from 1902 to 1966 before it was changed related to first class cities as follows:

"All the owners of ground in the squares or lots divided by the street or alley sought to be closed abutting on the street or alley shall be made defendants."

KRS 94.360, in effect from 1906 to date, deals with all cities other than those of the first class, and it reads as follows:

"All the owners of ground in the square or lots divided by that public way, or the portion proposed to be closed, shall be made defendants."

In 1966 the Legislature amended KRS 93.360(2) to read identically as KRS 94.-360, thereby deleting the phrase "abutting on the street or alley." Ch. 242, Acts of 1966.

■ An examination of the amendment as it appears in the official edition of the Acts of 1966, carrying the new material in italics and the deleted material in brackets, clearly demonstrates that the purpose was to bring the language of KRS 93.360(1) and (2) into literal conformity with that of KRS 94.360(2). Among other things, the amendment requires an ordinance where formerly the statute called for a resolution, and makes a hearing necessary only if the affected landowners present objections, whereas theretofore a hearing had been required unless the owners consented in writing to the closing. We mention these differences in order to point out that the change of terminology designating who shall be made parties defendant is not the only difference between the statute as it existed before and as it reads now, and therefore is not so indicative of the specific legislative purpose of the amendment as would be the case if it had been the only change.

KRS 94.360 as consistently construed since its enactment in 1906 requires only those persons who own property abutting on the street or way, proposed to be closed, as necessary and indispensable parties, thus ruling out all other property owners unless some special evil to them will result from closing the street or way. Henderson v. City of Lexington, 132 Ky. 390, 111 S.W. 318 (1908); Davis v. City of Paducah, 213 Ky. 407, 281 S.W. 158 (1926); York v. Chesapeake & Ohio Railway Co., 240 Ky. 114, 41 S.W.2d 668 (1931); Hill v. Baker, 309 Ky. 514, 218 S.W.2d 24 (1949); Powell v. City of Irvine, Ky., 258 S.W.2d 706 (1953).

■ It has been argued by the appellant that ambiguity in a statute must exist before resort may be had to extraneous matter for construction. That rule is sound where applicable, but it does not preclude the rule that the court may look to previous construction of analogous statutes. We have recognized the method of statutory interpretation by way of analogy. Button v. Hikes, 296 Ky. 163, 176 S.W.2d 112, 151 A.L.R. 779 (1943).

We are mindful that the rules of statutory construction, and we do not abrogate these rules, generally are premised on ambiguity within the statute under study. However, when there is doubt as to the correct application many guides are afforded in order to bring a specific statute in harmony with common law and existing parallel statutes dealing with the same subject matter. .

In Lexington Cemetery Company v. Commonwealth, 297 Ky. 151, 181 S.W.2d 699 (1944), and Boston v. City of Augusta, 234 Ky. 500, 28 S.W.2d 509 (1930), we applied the rule of analogous construction, and the rule is supported in 82 C.J.S. Statutes § 370(b) (1), pp. 848–851, as follows:

"The legislature is presumed to have been familiar with the judicial construction, and to have adopted it as a part of law, where a statute which has been construed by the courts of last resort has been reënacted in the same terms, or where a statute so construed has been

reënacted in substantially the same terms according to the authorities on the question, unless a contrary intent clearly appears, or a different construction is expressly provided for; *and the rule applies in the construction of a statute enacted after a similar or cognate statute has been judicially construed.*" (Emphasis added.)

In Federal Communications Commission v. American Broadcasting Company, 347 U.S. 284, 74 S.Ct. 593, 98 L.Ed. 699 (1954), the Supreme Court approved the application of the rule of analogy where a comparable statute existed and was parallel to the statute under scrutiny.

Sutherland on Statutory Construction, volume 3, chapter 61, contains an excellent analysis of interpretation by analogy in which it is stated that the rule is growing in prominence and is classed among the rules of modern interpretation.

■ The chancellor correctly applied the law in giving KRS 93.360(2) as amended in 1966 the same construction heretofore applied in KRS 94.360 and in holding that only those persons who own property abutting on Armory Place were necessary and indispensable, thus excluding Prudential, because it is obvious that these two statutes are identical and the interpretation of one should apply equally to the other.

A review of the record in the case at bar does not disclose a situation in which Prudential has suffered or will suffer any unique injuries or damage by the closing of Armory Place. Prudential has ample access to and from the city streets on which its property abuts, and it would take a strained construction to find that it has suffered any pecuniary damage by the closing of Armory Place. See City of Louisville v. Kerr, Ky., 403 S.W.2d 30, 32 (1966), in which we quoted from Department of Highways v. Jackson, Ky., 302 S. W.2d 373 (1957), as follows:

" 'We hereby abolish the distinction, and declare that the rule governing city streets shall be the same as that herein stated for county roads.' In a long line of cases, we have held that the landowner cannot complain so long as he has a reasonable access."

Had Prudential been joined it would have been only a nominal party, because this record conclusively discloses that it had and has reasonable access to the public ways system.

We conclude that the trial chancellor was correct in his refusal to set aside the judgment.

The judgment is affirmed.

All concur.

STEINFELD, J., not sitting.