**WESSELS CONSTRUCTION AND DEVELOPMENT CO., INC., et al., Plaintiffs,**

v.

**COMMONWEALTH OF KENTUCKY, et al., Defendants.**

Civ. A. No. 82–54.

United States District Court,
E.D. Kentucky,
Covington Division.

March 24, 1983.

Frank A. Wichmann, Covington, Ky., for plaintiffs.

Joseph L. Baker, Covington, Ky., for City of Ft. Mitchell.

James Dressman, III, Covington, Ky., for Motor Inn, Inc.

Gregory A. Bartlett, Covington, Ky., for remaining defendants.

## OPINION

BERTELSMAN, District Judge.

### INTRODUCTION

This case involves an interpretation of the federal constitutional rights, if any, involved in the closing of a street under Ky. Rev.Stat.Ann. § 82.405 (Baldwin 1982), with respect to owners of properties which do not abut the portion of the street to be closed, and who therefore are not required to be made parties to the action to close it under Kentucky law. To understand the issues involved, it is first necessary to make reference to the text of § 82.405, which reads as follows:

"(1) Upon the adoption of an ordinance by the city legislative body closing the whole or any portion of a public way, the city shall institute an action in the circuit court to have it closed. All the owners of property in or abutting that public way, or the portion proposed to be closed, shall be made defendants.

(2) If all defendants fail to object to the closing within twenty (20) days after the date of service, the court shall render a decree accordingly, but if any defendant objects within that time, the court shall award damages, if any, in the same manner as prescribed by the Eminent Domain Act of Kentucky and shall direct that the public way be closed upon payment into the court of the amount awarded. The court shall give these proceedings precedence over other cases."

### FACTS

On March 15, 1982, the Fort Mitchell City Council passed an ordinance providing that a portion of Grace Avenue would be closed to facilitate the building of a dinner theater and the expansion of the Drawbridge Motor Inn. Shortly thereafter, in compliance with Kentucky law, the City instituted an action in Kenton County Circuit Court seeking to have the road closed. The only defendant in this action was Motor Inn, Inc., because it was the only property owner with land abutting that portion of Grace Avenue sought to be closed. The plaintiffs in this action, owners of apartment buildings abutting portions of Grace Avenue not subject to the closing, unsuccessfully tried to intervene in the state court action. On November 9, 1982, the state court decided that the closing of the road was in the best interest of the community and ordered the road closed.

On November 29, 1982, the plaintiffs asked this court to grant a preliminary injunction enjoining the defendants from closing Grace Avenue, from removing pavement therefrom or constructing a motel thereon and from enforcing the state court judgment. The theory of the plaintiffs' case is that the closing of the road affects the plaintiffs' property rights and that these property rights have been taken away without according plaintiffs a hearing to determine whether the taking was for a public purpose or to determine what compensation plaintiffs should receive. On December 20, 1982, a hearing was held on the plaintiffs' motion for a preliminary injunction. This court denied plaintiffs' motion. The matter is now before this court on the parties' motions for summary judgment.

Subsequent to the denial of the motion for a preliminary injunction, Motor Inn, Inc., the corporation which operates the Drawbridge Motor Inn, intervened as a defendant. The original defendants to this action were the Commonwealth of Kentucky, the City of Fort Mitchell, and members of the Fort Mitchell City Council. The Commonwealth has already been dismissed.

The plaintiffs have constructed and operate apartment buildings that abut Grace Avenue. The closing of that portion of Grace Avenue under question here will not

totally eliminate access to the real estate of the plaintiffs. Plaintiffs and their tenants merely have to proceed by a more roundabout route. However, it is alleged that the closing will impair access to the apartments and, thereby, diminish plaintiffs' rental income and the market value of the apartments.

## ISSUES

By reason of the above facts, this court is presented with the following issues:

1. Do the plaintiffs have a property interest in the closing of the portion of Grace Avenue described above, such that the statute is unconstitutional as applied for failing to provide them a due process hearing in connection with such closing?

2. Assuming plaintiffs can prove, as they contend, that the closing of the street was solely to accommodate the owners of the Drawbridge Motor Inn, does the closing of Grace Avenue constitute a taking of plaintiffs' property for a private purpose?

3. Has the property of plaintiffs been taken for a public purpose without just compensation?

4. Is the statute unconstitutional as applied, as a denial of plaintiffs' right to equal protection?

## ANALYSIS

### Due Process and Taking

Plaintiffs' due process and taking arguments both suffer from the same fatal flaw. Plaintiffs have no property rights in this situation. Plaintiffs are not entitled to a due process hearing in this context, unless they have been deprived of some property right. Kentucky law must be examined to determine whether plaintiffs have a property interest in the closing.

"As this Court has observed on numerous occasions, the Constitution does not create property interests. Rather it extends various procedural safeguards to certain interests 'that stem from an independent source such as state law.' *Board of Regents v. Roth,* 408 U.S. 564, 577 [92 S.Ct. 2701, 2709, 33 L.Ed.2d 548] (1972); see *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 9 [98 S.Ct. 1554, 1560, 56 L.Ed.2d 30] (1978); *Bishop v. Wood,* 426 U.S. 341, 344 [96 S.Ct. 2074, 2077, 48 L.Ed.2d 684] (1976); *Paul v. Davis,* 424 U.S. 693, 709–710 [96 S.Ct. 1155, 1164, 47 L.Ed.2d 405] (1976); *Goss v. Lopez,* 419 U.S. 565, 572–574 [95 S.Ct. 729, 735–36, 42 L.Ed.2d 725] (1975); *Perry v. Sindermann,* 408 U.S. 593, 602 n. 7 [92 S.Ct. 2694, 2700 n. 7, 33 L.Ed.2d 570] (1972)."[1]

Kentucky law is clear beyond peradventure of a doubt that the only property right existing with regard to the continuance of a public way is that a landowner has a right of reasonable access to the public highway system. This has been uniformly held by the Kentucky courts for many years.[2]

The plaintiffs in this case are claiming the same type of harm claimed in *Department of Highways v. Jackson,*[3] that is, depreciation of the value of their property due to a road closing. The court in *Jackson* held that, under Kentucky law, this depreciation does not involve impairment of a property right as long as ingress and egress to plaintiffs' property still exists or is reasonable. Plaintiffs have not claimed that their property is inaccessible because of the road closing. It may be true that some apartment dwellers may have to travel further to get to their apartment complexes. This inconvenience, however, is not a legally recognized harm upon which to base a lawsuit, even if it causes depreciation in the value of the plaintiffs' property.

---

1. *Leis v. Flynt,* 439 U.S. 438, 441, 99 S.Ct. 698, 700, 58 L.Ed.2d 717 (1979) (no property right in having particular out-of-state lawyer appear on one's behalf).

2. *E.g., Prudential Bldg. & Loan Assoc. v. City of Louisville,* 464 S.W.2d 625, 627 (Ky.1971); *Commonwealth v. Carlisle,* 363 S.W.2d 104, 107 (Ky.1962); and *Department of Highways v. Jackson,* 302 S.W.2d 373 (Ky.1957).

3. 302 S.W.2d 373 (Ky.1957).

It is abundantly clear, therefore, that plaintiffs have suffered the loss of no property right recognized by Kentucky law. Therefore, they had no right to due process, there has been no taking of property without just compensation, and no taking of property for a private as opposed to a public use. Indeed, there has been no taking of plaintiffs' property at all.[4]

It should also be noted that the plaintiffs, as do all citizens, have the right to appear at the City Council meeting and present their point of view with regard to any legislation.

### Equal Protection

Plaintiffs argue that their equal protection rights have been violated by reason of the fact that property owners abutting that portion of the street to be closed have an absolute right to a judicial hearing and to compensation, whereas they do not. Inasmuch as no fundamental right or suspect classification is involved herein, the distinction made between plaintiffs and the abutting property owners must be upheld against an equal protection attack if it has some "fair relationship to a legitimate public purpose."[5]

Clearly, there is a rational basis for making a distinction between property owners immediately abutting a part of a public way sought to be closed and those living at some distance therefrom. As already stated, Kentucky law provides that landowners' only interest in existing roads is that their reasonable access to the public highway system be maintained. Landowners with property abutting a road to be closed are much more likely to have their access to the highways impaired than those with property not abutting the road to be closed. Consequently, because it is obvious that the state must draw the line somewhere as to who must be heard and compensated with regard to these matters, the court cannot say that the manner in which it has been drawn in § 82.405 of Kentucky Revised Statutes is without a rational basis.

### CONCLUSION

For the reasons above stated, the motion of the defendants for summary judgment must be sustained and that of the plaintiffs denied. A separate judgment is entered concurrently herewith dismissing the complaint.

---

4. Therefore, plaintiffs cannot avail themselves of the doctrine pronounced by the Supreme Court of Kentucky in *City of Owensboro v. McCormick,* 581 S.W.2d 3 (Ky.1979). In that case, Justice Reed, now of our court, held for the Supreme Court of Kentucky that a statute which granted a governmental unit the unconditional right to condemn private property solely for the purpose of being conveyed by a local industrial authority for development by other private interests was unconstitutional. The plaintiffs also rely on *Penn Central Transp. Co. v. New York City,* 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978). The court is at a loss to understand how this case is of any avail to the plaintiffs; it emphasizes that not every economic loss resulting from legislative action constitutes a taking of property. Certainly, the interests of the landowners in *Penn Central* were far more greatly impaired than those of the plaintiffs in the case at bar. In zoning, no taking is considered to occur unless property owners have been deprived of all economically viable use of the property. *See Stratford v. State-House, Inc.,* 542 F.Supp. 1008 (E.D.Ky. 1982) and cases cited therein.

5. *Plyler v. Doe,* 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982).